# EXHIBIT A

(Order Granting Return of Funds)

IN THE DISTRICT COURT OF UTAH
SECOND JUDICIAL DISTRICT, DAVIS COUNTY

| | |
|---|---|
| STATE OF UTAH,<br><br>Plaintiff,<br>v.<br><br>BRANDON J. FLOYD,<br><br>Defendant. | **RULING AND ORDER GRANTING JOINT MOTION FOR MANDATORY RETURN OF SEIZED PROPERTY (Dkt 202)**<br><br>Case No. 231702291<br><br>Judge Rita M. Cornish |

This matter comes before the Court on a *Joint Motion for Mandatory Return of Seized Property* (Dkt. 202) (the "Motion"), filed by Defendant Brandon J. Floyd,[1] on February 14, 2024. The State of Utah filed the *State's Response to Joint Motion for Mandatory Return of Seized Property* (Dkt. 239), on March 4, 2024; and Defendants filed a *Reply in Support of Joint Motion for Mandatory Return of Seized Property* (Dkt. 255), on March 12, 2024. No party requested a hearing on the Motion. Having considered the motions and memoranda; the facts, arguments, and legal authority therein; the record before the court; and being otherwise fully informed, the Court enters the following **RULING** and **ORDER**:

## RULING

### I.   Background.

1.   On November 20, 2023, the Attorney General ("AG") executed multiple warrants to seize funds held in bank accounts owned by Defendants Floyd, R. Larsen; J. Larsen; Brinkman; and Perea; and third-parties Teancum Management, Inc. ("Teancum"); Father Time Limited Partnership ("Father Time"); Smart Rain Systems, LLC ("Smart Rain"); Rubicon Contracting LLC ("Rubicon"); Scandia Company LLC ("Scandia"); RJ Management ("RJ Mgmt"); Black Tie Realtors ("Black Tie"); and Lawn Butler, LLC ("Lawn Butler") (collectively, the "Claimants"). The aggregate total of the funds seized exceeded $6.5 million.

---

[1] Floyd's co-defendants in the following related cases have joined in the Motion: Rudy Larsen (231702289), Tyler Brinkman (231702290), Adam Perea (231702292), Clayton Phillips (231702293), Kirk Simmons (231702294), and Jena Larsen (231702295). Each of these co-defendants together with Floyd are referred to collectively as the Defendants.

2.      On November 26, 2023, a subset of the Claimants were charged with criminal conduct.  More specifically, of the Claimaints, only Floyd, R. Larsen, J. Larsen, Brinkman, and Perea (collectively, the Claimant/Defendants) were charged with criminal conduct.

3.      The criminal informations in each of the Claimant/Defendants' cases did not include any counts seeking forfeiture.

4.      On December 5, 2023, the AG served and filed notices of intent to seek forfeiture in the Claimant/Defendants' cases (excepting only Perea's accounts) (the "Agency Notices"). *See* Motion at Ex. A.

5.      On December 8, 2023, the court ordered the release of a portion of the seized funds due to hardship pursuant to Utah Code section 77-11a-303.  *See*, *e.g.*, *Order Granting Intervenor's Motion to Release Funds and Protective Order* (Dkt. 100, Case No. 231702291). At that time, the court ordered that Scandia, Rubicon, and Smart Rain post a bond in the amount of $1.2 Million.

6.      On December 19, 2023, the AG filed a *Notice of Intent to Seek Forfeiture* (the "Notice") (Dkt. 83, Case No. 231702289); (Dkt. 74, Case No. 231702290); (Dkt. 120, Case No. 231702291); (Dkt. 86, Case No. 231702292); (Dkt. 81, Case No. 231702293); (Dkt. 79, Case No. 231702294); and (Dkt. 73, Case No. 231702295).  That Notice identified the following funds that were the subject of the request for forfeiture:

| Bank | Amount | Accounts in the name of: |
|---|---|---|
| Zions Bank | $38,551.46 | Floyd |
| UFirst Credit Union | $30.51 | R. Larsen; J. Larsen; and Black Tie |
| America First Credit Union | $236,007.74 | R. Larsen; J. Larsen; Brinkman; RJ Mgmt; Teancum; and Father Times |
| Cache Valley Bank | $4,996,224.43 | R. Larsen; J. Larsen; Scandia; Rubicon; and Smart Rain |
| **Total** | $5,270,814.14 | |

*See id.*  The Notice does not identify the accounts that have been seized with any particularity—only the bank, the account holders, and the aggregate balance of the accounts.  And notably, the Notice omits any reference to Perea's accounts.

7.      Though the AG has filed and served notices of intent to seek forfeiture, it has not filed amended informations or indictments stating a claim for forfeiture nor has it filed a civil forfeiture complaint.

8.      The AG has not filed a petition to transfer the property to another agency.

9.      The AG has not obtained a restraining order.

10.     The AG has not sought an extension of time in which to pursue its remedies under the statute.

## II.    Conclusions of Law.

11.     Defendants seek an order directing all banking institutions to release all seized bank accounts and funds to the Claimant(s) that owned the account at the time of seizure on November 20, 2023, on the ground that the AG has failed to timely initiate forfeiture proceedings as required by statute.

12.     The criminal forfeiture of property is governed by Title 77, Chapters 11a-11d of the Utah Code.  Chapter 11b pertains specifically to seized property for which an agency has served a notice of intent to seek forfeiture, as is the case here.  Under Chapter 11b, "[i]f an agency seeks to forfeit seized property, the agency shall serve a notice of intent to seek forfeiture to any known claimant within 30 days after the day on which the property is seized." Utah Code Ann. § 77-11b-201(1)(a).  Here, the AG served that notice on or about December 6, 2023, when it served the Agency Notice on each of the Claimants.

13.     After each claimant has been served with a notice of intent to seek forfeiture, the agency must, not later than 45 days after the date or seizure, "present a written request for forfeiture to the prosecuting attorney of the municipality or county where the property is seized." Utah Code Ann. § 77-11b-201(4)(a).  In this instance, the AG is both the "agency" seeking forfeiture and the "prosecuting attorney" as those terms are defined by statute.  *See* Utah Code Ann. § 77-11a-101(1) ("'Agency' means an agency of this state or a political subdivision of this state" and "includes a low enforcement agency"); *id.* § 77-11a-101(19) ("'Prosecuting attorney' means the attorney general and an assistant attorney general . . . .").  Thus, the court assumes for

purposes of its analysis that the AG timely provided notice of the intent to seek forfeiture to itself.

14.    Upon receiving the written request for forfeiture, the prosecuting attorney "*shall . . . within 75 days after the day on which the property is seized, decline or accept, in writing, the agency's written request for the prosecuting attorney to initiate a proceeding to forfeit the property.*" Utah Code Ann. § 77-11b-201(4)(c) (emphasis added).  In addition, the prosecuting attorney must also, "within 75 days after the day on which the property is seized," "(i) file[] a criminal indictment or information under Subsection 77-11b-301(3); (ii) file[] a petition to transfer the property to another agency in accordance with Section 77-11a-205; or (iii) file[] a civil forfeiture complaint under Section 77-11b-302; or [iv] . . . obtain[] a restraining order under Subsection 77-11b-301(4)."  Utah Code Ann. § 77-11b-203(1).  If the prosecuting attorney does not do one of these four things, the "agency shall promptly return seized property to a claimant." *Id.*

15.    Here, the AG had until February 3, 2024—75 days after November 20, 2023, the date the Claimants' accounts were seized—to take one of the four actions required by statute to preserve its claim for forfeiture of the Claimants' accounts.  It is undisputed that the AG did not take any of those four actions.  It did not file a criminal indictment or information; it did not file a petitioner to transfer the property to another agency; it did not file a civil forfeiture complaint; and it did not obtain a restraining order.  Indeed, the AG does not argue that it did any of these things.  On these facts, and absent some meritorious countervailing argument, "the agency," *i.e.*, the AG, "shall promptly return seized property to a claimant." Utah Code Ann. § 77-11b-203(1).

16.    The AG argues that there are two reasons why the Claimants' accounts should remain subject to seizure.  First, it argues that the requirements of Utah Code section 77-11b-203(1) do not apply because the AG did not seize the accounts because it never cashed out the accounts and took possession of the funds in them.  The court finds this argument unavailing.

17.    There is no dispute that the accounts were frozen—removed from the control of the Claimants—pursuant to the execution of a search and seizure warrant.  Utah Code section 77-

11a-101(22) defines "seized property" to mean "property seized by a peace officer or agency in accordance with Section 77-11a-201" and "includes property that the agency seeks to forfeit under Chapter 11b . . . ."  Here, the AG provided notice that it intended to seek forfeiture of the funds in the Claimants' accounts—that makes them "seized property" as defined by the statute.

18.     Second, the AG argues that Utah law provides other grounds to hold Claimants' funds.  For example, the AG points to Utah Code section 77-38b-402 as a basis for holding the funds.  That code section permits the State to seek to preserve assets that may be needed to pay restitution in the future.  The problem with the AG's argument (and similar arguments made with respect to other statutes) is that it has not brought any motion or petition to hold the Claimants' funds on those grounds.  Instead, the Claimants' accounts are being held pursuant to a warrant and the AG's notice of intent to seek forfeiture.  The deadline has run for the AG to preserve its claim to forfeiture, and it did not do so.

19.     Because the AG has failed to preserve its claim to seek forfeiture of the funds held in Claimants' accounts, the Motion should be granted.

### **ORDER**

Based on the foregoing findings and conclusions, the court **ORDERS**:

20.     The *Joint Motion for Mandatory Return of Seized Property* (Dkt. 202), filed by Defendant Brandon J. Floyd,[2] on February 14, 2024, is **GRANTED**.

21.     Consistent with Utah Code section 77-11b-203, the following accounts at the following banking institutions shall be released to the control of the account holder(s):

| Bank | Account No. (last 4) | Claimant |
|---|---|---|
| Zions Bank | -6827 | Brandon Floyd |
| Zions Bank | -2343 | Brandon Floyd |
| Zions Bank | -2848 | Brandon Floyd |
| Zions Bank | -4806 | Brandon Floyd |
| Zions Bank | -0000 | Brandon Floyd |
| Zions Bank | -5658 | Brandon Floyd |

---

[2] Floyd's co-defendants in the following related cases have joined in the Motion: Rudy Larsen (231702289), Tyler Brinkman (231702290), Adam Perea (231702292), Clayton Phillips (231702293), Kirk Simmons (231702294), and Jena Larsen (231702295).  Each of these co-defendants together with Floyd are referred to collectively as the Defendants.

| Bank | Account No. (last 4) | Claimant |
|---|---|---|
| UFirst Credit Union | -6267 | Black Tie Realtors |
| UFirst Credit Union | -9073 | Black Tie Realtors |
| UFirst Credit Union | -4100 | Lawn Butler LLC |
| America First Credit Union | -2711-9 | Jena Larsen |
| America First Credit Union |  | Rudy Larsen |
| America First Credit Union |  | RJ Management |
| America First Credit Union | -3750 | Rebecca &/or Tyler Brinkman |
| America First Credit Union | -2179 | Rebecca Brinkman -2179 |
| America First Credit Union | -5972 | Teancum Management, Inc. |
| America First Credit Union | -6300 | Father Times Family |
| America First Credit Union | -0583-2 | Adam Perea |
| America First Credit Union | -2719-2 | Adam Perea |
| Cache Valley Bank | -0503 | Scandia Company, LLC |
| Cache Valley Bank | -0882 | Scandia Company, LLC |
| Cache Valley Bank | -0671 | Rubicon Contracting, LLC |
| Cache Valley Bank | -0576 | Smart Rain Systems, LLC |

22.    The conditions in paragraph 6 of this Court's *Modified Order Granting Intervenor's Motion to Release Funds and Protective Order*, entered December 8, 2023, relating to the release of the Intervenor's Cache Valley accounts, is **VACATED**, and the $1.2 Million bond posted by Intervenors is **RELEASED**.

**Dated:**   March 25, 2024.

Judge Rita M. Cornish

## CERTIFICATE OF NOTIFICATION

I certify that a copy of the attached document was sent to the following people for case 231702291 by the method and on the date specified.

EMAIL: SCOTT HAGEN SHAGEN@RQN.COM

EMAIL: SKYE LAZARO SLAZARO@RQN.COM

EMAIL: JAMIE THOMAS JTHOMAS@RQN.COM

EMAIL: MARK MOFFAT MARK@BROWNBRADSHAW.COM

EMAIL: STACI VISSER STACI@BROWNBRADSHAW.COM

EMAIL: JIM BRADSHAW JIM@BROWNBRADSHAW.COM

EMAIL: KAYTLIN BECKETT KBECKETT@AGUTAH.GOV

EMAIL: CRAIG BARLOW CRBARLOW@AGUTAH.GOV

EMAIL: CHE ARGUELLO CHEARGUELLO@AGUTAH.GOV

03/26/2024          /s/ TRESA KOSEC

Date: _____          _____

Signature

03-26-2024 12:40 PM          Page 1 of 1