Jason W. Hardin (8793)
Jeffery B. Setness (20026)
Stephen P. Horvat (6249)
J. Mason Kjar (14227)
Trevor J. Adkins (18297)
FABIAN VANCOTT
95 South State Street, Ste. 2300
Salt Lake City, Utah 84111
Telephone: (801) 531-8900
jhardin@fabianvancott.com
jsetness@fabianvancott.com
shorvat@fabianvancott.com
mkjar@fabianvancott.com
tadkins@fabianvancott.com

Bradley R. Blackham (8703)
Andrew R. Hopkins (13748)
Assistant Utah Attorneys General
Derek E. Brown (10476)
Utah Attorney General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 366-0100
bblackham@agutah.gov
arhopkins@agutah.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| RUDY LARSEN, an individual; JENA LARSEN, an individual; RUBICON CONTRACTING, LLC, a Utah limited liability company; SCANDIA COMPANY, LLC, a Utah limited liability company; and SMART RAIN SYSTEMS, LLC, a Utah limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> SEAN D. REYES, an individual; LEO LUCEY, an individual; MICHAEL ADAM JETER, an individual; and KAYTLIN VIRGINIA BECKETT, an individual, <br><br> Defendants. | **MOTION TO STRIKE NOTICE OF ERRATA** <br><br> Case No. 2:25-CV-00963-HCN-JCB <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Jared C. Bennett |

-1-

## INTRODUCTION AND RELIEF SOUGHT

Pursuant to Local Rule 7-1(a), Defendants Sean D. Reyes, Leo Lucey, Michael Adam Jeter, and Kaytlin Virginia Beckett respectfully request that the Court strike Plaintiffs' Notice of Errata Correcting a Citation Error in Plaintiffs' Opposition to Motion to Dismiss (the "Errata"), filed March 12, 2026, as Docket Entry 43. The Errata, attached as Exhibit 1 hereto, does not merely correct a "citation error" in the Opposition, as the Errata innocently claims. Instead, the Errata replaces a case that *appears to have been AI hallucinated and does not exist* with new legal authority to allegedly support a point that Plaintiffs failed to properly support originally. Because Plaintiffs failed to seek leave to file the new authority (as required by DUCivR 7-1(c) via notice of supplemental authority) and because the Errata fails to apprise the Court of any reason for the needed "correction" (for example, that it was AI hallucinated), the Court should strike and disregard the Errata.

## BACKGROUND

1. Defendants filed their Motion to Dismiss on February 11, 2026. (Dkt. 37.)

2. On March 3, 2026, Plaintiffs filed their Opposition to Motion to Dismiss (the "Opposition"). (Dkt. 40.)

3. The Opposition was signed by Plaintiffs' lead counsel, David Tufts of Dentons Durham Jones Pinegar P.C. (*Id.* at 43.)

4. Page 25 of the Opposition contains the following legal argument and citation:

> A supervisor who ratifies unconstitutional conduct after the fact may be held liable for that conduct. *See Youngs v. City of St. George*, 2019 WL 2994227, at *8 (D. Utah July 9, 2019). Ratification occurs when a supervisor learns of the conduct and approves or fails to repudiate it. Defendant Reyes ratified all constitutional violations and is therefore liable for all claims. He ratified the violations by:

(Opp'n at 25.)

5.      Defendants' counsel were unable to locate the *Youngs v. City of St. George* case cited in the Opposition.  Typing "2019 WL 2994227" into the Westlaw search bar did not lead to any document with that citation, nor did a search of the case name.  A search for District of Utah cases involving the names "Youngs" and "George" in the title also did not pull up the cited case.[1] A search on PACER for cases involving "Youngs" as a party also did not pull up the cited case.

6.      Accordingly, early in the afternoon of Wednesday, March 11, Defendants' counsel Steve Horvat emailed Mr. Tufts and his Dentons colleague Lyndon Bradshaw to ask if they could double-check the citation, provide a case number so Horvat could find the case on Westlaw or PACER, or provide a copy.  (Email Thread, attached hereto as Exhibit 2, at 2-3.)

7.      On Thursday, March 12, after twenty-one hours had passed with no response, and with Defendants' reply deadline approaching, Horvat sent a follow-up email to Mr. Tufts and Mr. Bradshaw.  (*Id.*)

---

[1] This search did yield a case entitled <u>Young</u> *v. City of St. George*, Case 4:25-cv-00016-DN, 2025 WL 3296040 (D. Utah Nov. 25, 2025). But that case started ~six years later than 2019, involves "Young" not "Young*s*", and concerns issues *completely different* from those in the pending case.

8.      Mr. Tufts finally responded with the following email message citing three cases in place of *Youngs v. City of St. George*:

> Hi Steve,
>
> Thanks for reaching out about this.  You are correct, that citation is an error.  The correct citation is:
>
>> A supervisor who ratifies unconstitutional conduct after the fact may be held liable for that conduct. *See Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010); *Young v. Bd. of Supervisors of Humphreys Cty.*, 927 F.3d 898, 904 (5th Cir. 2019); *Larez v. City of Los Angeles*, 946 F.2d 630, 645-648 (9th Cir. 1991).
>
> Let me know if you need anything else.
>
> David W. Tufts
> Chair, Commercial Litigation Practice Group

(Ex. 2 at 2.)

9.      Plaintiffs then immediately filed the Errata, which only reported a "citation error" and provided a "correct citation" that substituted the three new cases in place of *Youngs v. City of St. George*:

> The citation to *Youngs v. City of St. George*, 2019 WL 2994227, at *8 (D. Utah July 9, 2019), is
>
> an error.  The correct citation should be:
>
>> A supervisor who ratifies unconstitutional conduct after the fact may be held liable for that conduct. *See Bryson v. City of Oklahoma City,* 627 F.3d 784, 788 (10th Cir. 2010); *Young v. Bd. Of Supervisors of Humphreys Cty.*, 927 F.3d 898, 904 (5th Cir. 2019); *Larez v. City of Los Angeles,* 946 F.2d 630, 645-648 (9th Cir. 1991).
>
> Plaintiffs' counsel apologizes for this error.

(Ex. 2, at 2.)

10.      None of the three cases cited in the Errata were cited in Plaintiffs' Opposition or Defendants' Motion to Dismiss.  (*Compare* Ex. 1 at 2 *with* Opp'n at iv-vi (Table of Authorities) *and* Mot. at iii-vii (Table of Authorities).)

11.     The Errata did not explain what "error" led Plaintiffs to cite *Youngs v. City of St. George* instead of the three new cases or why the Plaintiffs could not have cited those three cases in the first place.  Of more concern, the Errata does not apprise the Court why the originally cited case needed "correction" or why or how it was included in the Opposition.  (Ex. 1.)

12.     Horvat responded with an email later on March 12, clarifying that he had not been asking for new support for the legal proposition, but rather for the correct citation to, or a copy of, the previously cited case.  (Ex. 2, at 1.)

13.     Horvat against asked for the correct citation to *Youngs*, the case number, or a copy. (*Id.*)

14.     Mr. Tufts responded by the email the next day (Friday, March 13) but still did not provide a citation to *Youngs v. City of St. George*, a case number, or a copy, and still made no mention as to why the fictitious case citation was included in the Opposition and required replacement.  (*Id.*)

15.     Defendants now move to strike the Errata as procedurally improper under the Local Rules.

**ARGUMENT**

Local Rule 7-1(a) allows parties to file three pleadings in connection with a motion: the motion itself (which includes the memorandum), a response, and a reply.  "Unless ordered otherwise, the court will not consider additional memoranda."  Rule 7-1(a)(9).  The Errata did not actually correct a "citation error" in the Opposition.  Instead, it cited three new cases to attempt to bolster a legal point that the Plaintiffs apparently decided had been inadequately supported in the Opposition given the fictitious citation "*Youngs v. City of St. George*".  At most, the Errata should be deemed a "notice of supplemental authority" and disregarded by the Court.  *See* DUCivR 7-1(c) (creating

process for notifying the court of "pertinent and significant authority [that] comes to the attention of a party before the court has entered a decision on a motion").

At the very least, if Plaintiffs wish to have the "Errata" considered as a proper citation correction, Plaintiffs should be required to explain to the Court exactly what "error" they made and why "*Youngs v. City of St. George*" was cited in the Opposition if they really meant to type "*Bryson v. City of Oklahoma City*," "*Young v. Bd. of Supervisors of Humphreys Cty.*," and "*Larez v. City of Los Angeles*".

Of course, based on Plaintiffs' decision to cite entirely new authority instead of providing a correct citation to or a copy of the case they cited originally, the Court can reasonably infer that the *Youngs v. City of St. George* case does not exist, i.e., that it was an "AI hallucination" that Plaintiffs cited without actually reading. *See, e.g.*, *Lexos Media IP v. Overstock.com*, Case 22-2324-JAR, 2026 WL 2655816 (D. Kan. Feb. 2, 2026) (denying plaintiffs' motion for leave to correct their AI-infected filing after plaintiffs <u>moved</u> for leave to file a correction and admitted their error). And unlike the party in *Lexos*, Plaintiffs here filed their "Errata" without seeking leave and without any kind of explanation or acknowledgement. Assuming the case was AI hallucinated (and at this point we cannot think of any other possibilities), Plaintiffs' refusal to own up to their error and instead attempt to minimize the error by innocuously calling it a "correction" is disappointing and frankly misleading. *See Couvrette v. Wisnovsky*, Case No. 1:21-cv-00157-CL, 2025 WL 4109655, at *12 (D. Or. Dec. 12, 2025) (finding that a "correction" of an AI hallucinated case alone was a "cover up" and that "Plaintiffs' repeated attempt to minimize the misconduct at issue by characterizing it as an 'erroneous citation' is not well taken" and noting that "numerous courts across the country have sanctioned parties and their attorneys under Rule 11(b)(2) for the use of non-existent cases and

fabricated quotations in legal briefs generated by artificial intelligence" and that "[s]uch misconduct 'degrades or impugns the integrity of the Court and interferes with the administration of justice'").

Accordingly, the Court should strike and disregard the Errata in its entirety.

## CONCLUSION

When they filed their Opposition, Plaintiffs made the choice to rely on *Youngs v. City of St. George* as the authority supporting their "ratification" argument. They should not be allowed to file additional authority claiming to support that argument after learning that their original support was inadequate and literally did not exist. Allowing post-filing "corrections" of this nature would only create chaos and confusion and undermine the integrity of the courts. Defendants therefore ask that the Court strike the Errata and disregard it in considering Defendants' Motion to Dismiss.

DATED this 17th day of March, 2026.

**FABIAN VANCOTT**

*/s/ Stephen P Horvat*
Jason W. Hardin
Jeffery B. Setness
Stephen P. Horvat
J. Mason Kjar
Trevor J. Adkins
*Attorneys for Defendants*