David W. Tufts (#8736)
Lyndon R. Bradshaw (#15097)
DENTONS DURHAM JONES PINEGAR P.C.
111 S. Main Street, Suite 2400
Salt Lake City, UT 84111
(801) 415-3000
david.tufts@dentons.com
lyndon.bradshaw@dentons.com

Stephen R. McAllister (*pro hac vice* pending)
DENTONS U.S. LLP
4520 Main Street, Suite 1100
Kansas City, MO 64111-7700
(816) 460-2400
stephen.mcallister@dentons.com

Keith M. Woodwell (#7353)
Jake Taylor (#10840)
Vicki Zgodny (#19753)
Katherine E. Pepin (#16925)
CLYDE SNOW & SESSIONS
201 South Main Street, #2200
Salt Lake City, UT  84111
(801) 322-2516
kmw@clydesnow.com
jst@clydesnow.com
vbz@clydesnow.com
kep@clydesnow.com

*Attorneys for Plaintiffs Rudy Larsen, Jena Larsen, Rubicon Contracting, LLC, Scandia Company, LLC, and Smart Rain Systems, LLC*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUDY LARSEN, et. al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SEAN D. REYES, et. al,<br><br>Defendants. | **OPPOSITION TO MOTION TO STRIKE NOTICE OF ERRATA**<br><br>Case No. 2:25-cv-00963<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

Plaintiffs Rudy Larsen, et al., through counsel, hereby respond to Defendants Sean Reyes, et al.'s *Motion to Strike Notice of Errata* ("Motion to Strike") (ECF No. 49).

### INTRODUCTION

Defendants' Motion to Strike should be denied. Plaintiffs' *Notice of Errata* (ECF No. 43) did exactly what an errata is designed to do: it corrected a minor citation error by replacing an

inaccurate citation with accurate citations to valid legal authority supporting the same, long-established legal proposition. The legal argument was not changed, supplemented, or expanded. No new theory was introduced. The Errata corrected a citation. That is all.

Defendants spend seven pages attacking the Errata while conspicuously avoiding any argument that the underlying legal proposition—that supervisors who ratify unconstitutional conduct may be held liable—is incorrect, or that the three circuits whose authority supports it are wrong. They cannot make that argument because the law is clear. Instead, they accuse Plaintiffs' counsel of an "AI hallucination" and a "cover up."

That accusation is not an argument. It is speculation dressed up as a professional misconduct allegation. The motion to strike has no merit, and should be denied.

## **BACKGROUND**

1.      Plaintiffs filed their *Opposition to Motion to Dismiss* ("Opposition") (ECF No. 40) on March 3, 2026. Page 25 of the Opposition cited "*Youngs v. City of St. George*, 2019 WL 2994227 (D. Utah July 9, 2019)" for the proposition that a supervisor who ratifies unconstitutional conduct after the fact may be held liable.

2.      The cited case, *Young v. City of St. George*, is a real federal case. It exists in PACER and on Westlaw: Case No. 4:25-cv-00016-DN, reported at 2025 WL 3296040 (D. Utah Nov. 25, 2025). Defendants acknowledged as much in their Motion to Strike. (Mot. at 3 n.1.) The error was not that Plaintiffs cited a non-existent case.

3.      On March 11, 2026, defense counsel Stephen Horvat emailed Plaintiffs' counsel to flag the citation discrepancy and asked for the correct citation or a copy of the case.

4.      Plaintiffs' counsel responded the following day, March 12, acknowledged the error, provided correct citations to three cases supporting the same legal proposition—*Bryson v.*

2

*City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010); *Young v. Bd. of Supervisors of Humphreys Cty.*, 927 F.3d 898, 904 (5th Cir. 2019); and *Larez v. City of Los Angeles*, 946 F.2d 630, 645-648 (9th Cir. 1991)—and filed a *Notice of Errata* (ECF No. 43) the same day. Plaintiffs' counsel apologized for the error in the Errata itself and in an email to Defendants' counsel.

5.      Defendants filed the Motion to Strike on March 17, 2026, accusing Plaintiffs' counsel of an "AI hallucination" and characterizing the prompt correction as a "cover up" and "frankly misleading."

## ARGUMENT

### I.      A NOTICE OF ERRATA IS THE APPROPRIATE VEHICLE TO CORRECT A CITATION ERROR.

A notice of errata correcting a citation error is standard practice in federal courts and is not governed by the supplemental authority procedure in DUCivR 7-1(c). That local rule applies to "pertinent and significant authority [that] comes to the attention of a party"—i.e., new legal developments after briefing closes. It does not apply to a correction of an error in an existing citation for authority that was already known and cited at the time of filing.

The Errata did not introduce new legal authority into the case. It provided accurate citations for a proposition Plaintiffs had already advanced. The legal proposition—supervisory ratification liability—remained identical before and after the Errata. The argument in the Opposition was not changed. The Errata corrected which specific citations the Court should consult for that proposition.

3

Defendants' reliance on *Lexos Media IP v. Overstock.com*, and *Couvrette v. Wisnovsky* is misplaced because what occurred in those cases is nothing like what happened here.[1] Both cases involved parties who used generative artificial intelligence to create briefs that advocated legal positions that were untethered from legal reality.  The unsupportable legal positions in the briefs in *Lexos* and *Couvrette* relied on numerous fabricated quotations and multiple false citations. The problem in those cases was that counsel had done no research and had not written the briefs. Instead, counsel had relied on generative artificial intelligence to do the research and write the briefs for them, then they sought either to conceal or minimize their misconduct.

Neither case bears resemblance to the present situation. Here, it is patently obvious that the brief at issue (ECF No. 40) was written by human attorneys.  Defendants do not challenge this.  Rather, Defendants complain that an accurate legal assertion (*i.e.*, that "A supervisor who ratifies unconstitutional conduct after the fact may be held labile for that conduct.") was supported by one erroneous citation.  Having a single citation error, promptly acknowledged and corrected immediately, is categorically different from the AI-generated briefing misconduct at issue in *Lexos* and *Couvrette*.

In *Lexos*, the offensive briefing contained "multiple problematic legal citations and statements of authority that were created through the use of generative AI."  *Lexos*, 2026 WL 265581, *2.  It contained a "litany of problems:  (1) nonexistent quotations, (2) nonexistent and incorrect citations; and (3) misrepresentations about cited authority."  *Id.*  In fact, "the only human-generated content in the original brief [was] either generic, or made without citation to authority."  *Id.* *14.  Similarly, in *Couvrette*, counsel misused generative artificial intelligence to

---

[1] In the Motion to Strike, Defendants themselves make an error similar the one they are complaining about by reciting an incorrect citation for *Lexos Media IP v. Overstock.com*—the correct citation is 2026 WL 265581 (not 2026 WL 2655816).

create "three briefs containing citations to fifteen non-existent cases and fabricated quotations falsely attributed to eight legitimate authorities." *Courvette*, 2015 WL 4109655, *1. And, counsel's efforts at correction were "superficial" and ineffective: "[counsel] deleted the non-existent cases and fabricated quotations while leaving the surrounding text intact. The algorithmically generated statements of purported law that were not in quotes remained in place without citation." *Id.* *5. The present situation is nothing like what occurred in *Lexos* and *Couvrette*.

### II.    PLAINTIFFS ACTED PROMPTLY, TRANSPARENTLY, AND PROFESSIONALLY.

When defense counsel identified the citation discrepancy on March 11, Plaintiffs' counsel responded the next day, acknowledged the error without qualification, provided correct authority, apologized in the *Notice of Errata* itself, and filed the correction the same day. This is precisely the conduct the profession expects when an error is identified: prompt acknowledgment and transparent correction.

The *Notice of Errata* did not attempt to conceal the error. It stated that "the citation to *Young v. City of St. George*, 2019 WL 2994227, at *8 (D. Utah July 9, 2019) is an error" and that "Plaintiffs' counsel apologizes for this error." Defendants characterize this as a "cover up." The Court should reject that characterization. This express, filed, public apology is the opposite of a "cover up."

### III.    DEFENDANTS' HAVE SUFFERED NO PREJUDICE.

Defendants invoke the "integrity of the courts" as their justification for striking the Errata, but fail to identity anything in this situation that created any unnecessary work for their attorneys or for the Court. Defendants had the Errata with the correct citations a full five (5) days prior to the filing of their Reply Supporting Motion to Dismiss (ECF No. 50). And, in their

reply Defendants discuss "all three cases"[2] that were provided in the Errata.  Reply Supporting Motion to Dismiss, p. 12.  Defendants offer no rational argument about how the "integrity of the courts" has been harmed in these circumstances.  For this additional reason, the Court should deny the motion to strike.

### IV.      STRIKING THE ERRATA WOULD SERVE NO LEGITIMATE PURPOSE.

Defendants do not argue, because they cannot argue, that the legal proposition supported by the Errata is incorrect. Supervisory ratification liability under Section 1983 is well established in the Tenth Circuit and beyond. *See Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010); *Young v. Bd. of Supervisors of Humphreys Cty.*, 927 F.3d 898, 904 (5th Cir. 2019); and *Larez v. City of Los Angeles*, 946 F.2d 630, 645-648 (9th Cir. 1991). Striking the Errata would be counterproductive to the administration of justice in two significant ways.  First, striking the Errata is an invitation for this Court to ignore the binding Tenth Circuit precedent cited therein, which is something the Court is not permitted to do.  Second, striking the Errata would result in presenting an incorrect citation to the Court.  This is counterproductive because it would force the Court to have to incur the burden of doing its own original research on the issue of whether a supervisor who ratifies unconstitutional conduct after the fact may be held labile for that conduct.

Defendants simply want to penalize Plaintiffs for correcting an error that Defendants themselves identified before any harm could be said to have occurred, and for doing so in a

---

[2] While the reply makes an argument about "all three cases" that were provided in the Errata, it only cites and discusses two of them:  *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) and *Young v. Bd. of Supervisors of Humphreys County*, 927 F.3d 898, 904-05 (5th Cir. 2019).  Reply Supporting Motion to Dismiss, p. 12.

4936-9654-4153, v. 2

manner that was transparent, prompt, and professional.  The appropriate remedy for a citation error is a corrected citation. Plaintiffs provided one.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' *Motion to Strike* in its entirety. The Errata corrected a citation error by supplying valid legal authority for an unchanged legal proposition. It was filed promptly, transparently, and with an express apology. Defendants offer no argument that the underlying legal proposition is wrong or that the correcting authority is inapplicable. In invoking the integrity of the courts, Defendants ask this Court to ignore Tenth Circuit authority. The Court should not strike the Errata.

DATED:    March 26, 2026.

/s/   David W. Tufts

DENTONS DURHAM JONES PINEGAR P.C.
David W. Tufts
Lyndon R. Bradshaw

DENTONS U.S. LLP
Stephen R. McAllister

CLYDE, SNOW & SESSIONS
Keith M. Woodwell
Jake Taylor
Vicki Zgodny
Katherine E. Pepin

*Attorneys for Plaintiffs Rudy Larsen, Jena Larsen, Rubicon Contracting, LLC, Scandia Company, LLC, and Smart Rain Systems, LLC*

4936-9654-4153, v. 2

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2026, I filed the foregoing with the Clerk of Court using the Court's CM/ECF filing system and which sent electronic notification of the filing to counsel of record in this matter.

*/s/ Kristin Hughes*

4936-9654-4153, v. 2