Jason W. Hardin (8793)
Jeffery B. Setness (20026)
Stephen P. Horvat (6249)
J. Mason Kjar (14227)
Trevor J. Adkins (18297)
FABIAN VANCOTT
95 South State Street, Ste. 2300
Salt Lake City, Utah 84111
Telephone: (801) 531-8900
jhardin@fabianvancott.com
jsetness@fabianvancott.com
shorvat@fabianvancott.com
mkjar@fabianvancott.com
tadkins@fabianvancott.com

Bradley R. Blackham (8703)
Andrew R. Hopkins (13748)
Assistant Utah Attorneys General
Derek E. Brown (10476)
Utah Attorney General
160 East 300 South, 6th Floor
P.O. Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 366-0100
bblackham@agutah.gov
arhopkins@agutah.gov

*Attorneys for Defendants Sean D. Reyes, Leo Lucey, Michael Adam Jeter, and Kaytlin Virginia Beckett*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| RUDY LARSEN, an individual; JENA LARSEN, an individual; RUBICON CONTRACTING, LLC, a Utah limited liability company; SCANDIA COMPANY, LLC, a Utah limited liability company; and SMART RAIN SYSTEMS, LLC, a Utah limited liability company,<br><br>        Plaintiffs,<br><br>v.<br><br>SEAN D. REYES, an individual; LEO LUCEY, an individual; MICHAEL ADAM JETER, an individual; and KAYTLIN VIRGINIA BECKETT, an individual,<br><br>        Defendants. | **REPLY SUPPORTING MOTION TO STRIKE NOTICE OF ERRATA**<br><br>Case No. 2:25-CV-00963-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

Plaintiffs' Opposition raises more questions than it answers. The 2025 *Young v. City of St. George* opinion (2025 WL 3296040) is included as part of this reply; as the Court can see, the opinion does not address ratification, supervisory liability, or even Section 1983 at all.[1] The case dealt with whether the Court (Judge Nuffer) would set aside an order under Rule 4(m) dismissing a case for failing to serve the summons within 90 days. If that was truly the case Plaintiffs cited, and if the citation was not the result of an AI hallucination, why did Plaintiffs cite that case to support their ratification argument?

Similarly, if the Plaintiffs actually cited that case, why did they not provide a citation to or copy of that case in response to Defendants' counsel's requests?

And finally, of course, Plaintiffs have not proffered any explanation for why they needed to file the errata. How did they happen to cite a 2025 case about Rule 4(m) to support an argument about supervisory ratification?

## CONCLUSION

The bottom line remains that the Plaintiffs used a "notice of errata" to make substantive changes to their opposition to Defendants' motion to dismiss, by citing cases to purportedly bolster a legal argument that Plaintiffs apparently decided after the fact had not been adequately supported. Plaintiffs have not cited any authority suggesting that this was proper.

Defendants therefore reiterate their request that the Notice of Errata be stricken and/or disregarded.

---

[1] The lawsuit itself did not involve § 1983 claims either. *See* Complaint, *Young v. City of St. George*, ECF No. 1, 4:25-cv-00016-DN (D. Utah Feb. 23, 2025).

DATED this 9th day of April, 2026.

/s/ Stephen P. Horvat
FABIAN VANCOTT
Jason W. Hardin
Jeffery B. Setness
Stephen P. Horvat
J. Mason Kjar
Trevor J. Adkins

OFFICE OF THE UTAH ATTORNEY GENERAL
Bradley R. Blackham
Andrew R. Hopkins
Assistant Utah Attorneys General

*Attorneys for Defendants*

2025 WL 3296040
Only the Westlaw citation is currently available.
United States District Court, D. Utah.

Adam YOUNG, an individual, Plaintiff,
v.
CITY OF ST. GEORGE, UTAH,
a government entity, Defendant.

Case No. 4:25-cv-00016-DN
|
Signed November 25, 2025
|
Filed November 25, 2025

**Attorneys and Law Firms**

Marcus B. Smith, Marcus Smith Law LLC, St. George, UT,
for Plaintiff.

Kristin A. VanOrman, Shayla Slaymaker, Strong & Hanni,
Salt Lake City, UT, for Defendant.

MEMORANDUM DECISION AND ORDER
DENYING PLAINTIFF'S MOTION TO
SET ASIDE ORDER AND JUDGMENT

David Nuffer, United States District Judge

**\*1** This case was dismissed without prejudice and judgment
entered for failure to comply with Rule 4(m) of the Federal
Rules of Civil Procedure.[1] The following day, after entry
of the final judgment, Plaintiff Adam Young filed a Motion
to Set Aside Order and Judgment ("Motion") seeking relief
under Rule 60(b)(1) and (b)(6) of the Federal Rules of Civil
Procedure.[2] The Motion has been fully briefed; Defendant
City of St. George, Utah (the "City") filed a response
opposing the Motion, and Mr. Young filed his reply.[3] Based
upon the analysis set forth below, the Motion[4] is DENIED.

**1 BACKGROUND**

Mr. Young filed his Complaint on February 23, 2025.[5]
Service should have been completed, under the Federal Rules
of Civil Procedure, within 90 days, or by May 24, 2025. After
no proof of service had been filed, a Docket Text Order was
entered on May 27, 2025 ordering that Mr. Young

*[C]omply with Federal Rule of
Procedure 4(m)*, which requires that
defendants be served with 90 days
after the complaint is filed. The docket
does not show that summons has been
issued, and no proof of service is on
file. Mr. Young must file proof of
service by June 13, 2025, or the action
will be dismissed without prejudice.[6]

Despite this clear instruction, Proof of Service was not filed
on June 13, 2025. Two weeks after the deadline for filing
proof of service, Mr. Young requested the summons from the
clerk of court on June 11, 2025.[7] This was more than two
weeks after the deadline for completing service. Due to an
oversight by Mr. Young in failing to identify the intended
recipient of the summons, issuance was delayed until June 18,
2025.[8] Mr. Young requested service through a process server
on June 19, 2025, and service was completed on June 23,
2025,[9] nearly one month after the deadline for completing
service The proof of service was filed on June 24, 2025.[10]
During the month after the Docket Text Order, and despite
the Docket Text Order warning of dismissal of the action, Mr.
Young did not request more time to serve or to file proof of
service.

On June 20, 2025, the Complaint was dismissed without
prejudice for failure "to comply with Federal Rule of Civil
[Procedure] 4(m) and 'file proof of service by June 13, 2025.'
"[11] The matter was closed on June 20, 2025 and Judgment
entered June 24, 2025.[12] On June 24, 2025, the following
day, Mr. Young's counsel filed this Motion and took "full
responsibility" and explained that the reasoning for the delay
was because:

**\*2** As a solo practitioner managing
multiple active cases, counsel must
carefully space out litigation efforts
in order to give each client's matter
the attention it deserves. Mr. Young's
counsel provides this context only to

clarify that the delay was not the result of inexcusable neglect or disregard for the Court's order." [13]

For the reasons stated below, Mr. Young's reasoning for the delay does not meet the standard of good cause, excusable neglect, or extraordinary circumstances that justify the delay.

## 2 LEGAL STANDARDS

Under Federal Civil Rule of Procedure 4(m) if a defendant has not been served, "the court—on motion or on its own after notice to plaintiff—must dismiss the action ... or order that service be made within a specified time." [14] If a party seeks an extension after the deadline has passed, the court may extend only upon a showing of good cause or one of the reasons listed in Federal Rule of Civil Procedure 60(b). [15] Federal Rule of Civil Procedure 60(b)(1) and (6) provide that a party may be relieved from a final judgment or order because of "(1) ... excusable neglect" or "(6) any other reason that justifies relief." [16] The "good cause" and "excusable neglect" standards are related. Specifically,

> [w]ithout attempting a rigid or all-encompassing definition of 'good cause' it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking the enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required. *The district court is clearly not compelled to accept a lesser "excusable neglect" showing.* [17]

" '[G]ood cause' requires a greater showing than 'excusable neglect.' " [18] "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." [19] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts." [20]

To justify relief under Rule 60(b)(6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay. [21] It is within the court's discretion to determine whether the moving party has established good cause, excusable neglect, or circumstances justifying relief.

## 3 DISCUSSION

**\*3** Mr. Young seeks to set aside the Dismissal Order and Judgment. Because the relevant summons issuance deadline had passed, and judgment has been entered, Mr. Young must show good cause, excusable neglect, or extraordinary circumstances justifying setting aside the Dismissal Order and Judgment. Since good cause requires a greater showing than excusable neglect, this discussion first considers whether Mr. Young establishes good cause.

### 3.1 Young Does Not Show Good Cause

Mr. Young claims good cause in his proposed order setting aside the Dismissal Order and Judgment. To demonstrate good cause, Mr. Young must "show the deadline [could not] 'be met despite movant's diligent efforts.' " [22] The Tenth Circuit "has interpreted the phrase narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." [23] "Mistake of counsel or ignorance of the rules also usually do not suffice." [24]

Mr. Young learned of the potential for dismissal for failure to prosecute. Rather than acting, Mr. Young chose to disregard the deadline and warning. Mr. Young's explanations for the delay in serving the Complaint stem entirely from his own mistakes—waiting until the last minute to request issuance of the summons and then failing to include the recipient—as well as his obliviousness to the applicable rules and the Docket Text Order. Therefore, Mr. Young fails to establish good cause.

### 3.2 Young Does Not Show Excusable Neglect

Mr. Young also seeks relief because his neglect was excusable. [25] To determine whether excusable neglect is shown four factors are considered. In analyzing these four facts "all relevant circumstances surrounding the party's omission" must be taken into account. [26] Those factors are "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." [27] The Tenth Circuit has held that the third factor, the fault of delay, is "perhaps the

most important single factor—in determining whether neglect is excusable." [28]

Speaking of the third factor, the Tenth Circuit in *Putnam v. Morris* explained that the trial court's findings of fact, which included "no sense of urgency in serving [the defendant]" and "no effort" to serve the Defendant until after the deadline set forth by the Federal Rules of Civil Procedure, had not demonstrated excusable neglect. [29] "[A]n inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect." [30]

Admittedly, here, many of the factors weigh in favor of finding excusable neglect. The prejudice imposed upon the City is minimal as this case was in its infancy. The length of the delay is also minimal because the proof of service of the Complaint to the City was filed the day after the judgment was entered and the case dismissed without prejudice. As to the fourth factor, there is no evidence that Mr. Young acted in bad faith. Each factor must be met, yet consideration of the third factor, by itself, undermines the establishment of excusable neglect.

 **\*4** Mr. Young's explanation for the delay centers on Mr. Young's counsel's case load management and an error in the summons, which delayed the summons issuance from the clerk of court. [31] Counsel acknowledges that he was aware of the Docket Text Order's deadline and its command to comply with Federal Rule of Civil Procedure 4(m). [32] Counsel does not, however, offer an explanation on why he did not, at a minimum, file a motion to extend the deadline serve and to provide proof of service. Instead, Counsel explains that he believed "that the Court would presume Plaintiff was actively working to effectuate service—which was in fact the case." [33] And that "once the Court issued the summons on June 18, 2025, Plaintiff reasonably believed that the Court would presume Plaintiff was actively working to effectuate service—which was in fact the case." But the summons issuance was well after the deadline for service and the filing of proof was well after the ordered deadline.

The Motion reveals that Mr. Young did not email his request for issuance of a summons to the clerk of court until the eleventh hour, at 5:06 p.m. (after close of business) on June 11, 2025. [34] An email to the clerk of court for issuance of a summons is not a part of the court docket. Counsel further explains that he is "managing multiple active cases" and "must carefully space out litigation efforts in order to give

each client's matter the attention it deserves." [35] Just as in *Putnam*, Mr. Young's delays are due to a lack of urgency and failed effort to serve the City by the deadline in Rule 4(k) and file proof before the deadline of June 13, 2025. Mr. Young also had the ability to request additional time, to explain the delay, and chose not to do so until after judgment was entered. [36] Responsible counsel would have filed a motion to extend time for service and for filing proof immediately upon receipt of the Docket Text Order.

Therefore, Mr. Young has failed to establish excusable neglect, so service of process outside of the 90-day time allowed, and fail to file proof by the deadline given by the Docket Text Order, was inexcusable. [37]

### 3.3 Young Does Not Show Extraordinary Circumstances Justifying Relief Under Fed. R. Civ. P. 60(b)(6)

"To justify relief under subsection (6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay." [38] However, "[i]f a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable." [39] "The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices the party has made." [40] "The text and structure of Rule 60 make clear that relief under Rule 60(b)(6) is available only in narrow circumstances." [41]

Mr. Young's counsel admits that it was his fault for failing to serve the Complaint within required timeframe: "Plaintiff's counsel acknowledges the delay in requesting issuance of the summons and takes full responsibility for the resulting procedural lapse." [42] The circumstances presented by Mr. Young's counsel relate solely to the late issuance of the summons and his case-management strategies, none of which is extraordinary. Mr. Young has not provided any evidence, or case law, demonstrating "extraordinary circumstances" or "excusable neglect" that Motion for justifying relief under 60(b)(6) is "to prevent manifest injustice and allow this matter to proceed on its merits." [43] The City's Response clearly stated that Mr. Young's reliance on Rule 60(b)(6) fails because he fails to identify any extraordinary circumstances justifying relief. Yet, in Reply, Mr. Young raised no extraordinary circumstances.

**\*5**  Therefore, Mr. Young fails to establish extraordinary circumstances justifying relief.

**4 ORDER**

In conclusion, this is a cautionary tale, but one that the Tenth Circuit has seen and warns against: "The lesson to the federal plaintiff's lawyer is not to take any chances. Treat the [90] days with the respect reserved for a time bomb." [44]

Based on the foregoing, the Motion fails to establish good cause, excusable neglect, and extraordinary circumstances justifying relief. Therefore, the Motion [45] is DENIED.

**All Citations**

Slip Copy, 2025 WL 3296040

---

**Footnotes**

| | |
|---|---|
| 1 | Memorandum Decision and Order Dismissing the Case Without Prejudice ("Dismissal Order"), docket no. 8, filed June 20, 2025; *see also* Judgment in a Civil Case ("Judgment"), docket no. 9, filed June 23, 2025 |
| 2 | Plaintiff's Motion to Set Aside Order and Judgment, docket no. 11, filed June 24, 2025. |
| 3 | Defendant's Opposition to Plaintiff's Motion to Set Aside Order and Judgment ("Response"), docket no. 16, filed July 17, 2025; Plaintiff's Reply in Support of Motion to Set Aside Order and Judgment ("Reply"), docket no. 18, filed July 31, 2025. |
| 4 | Docket no. 11. |
| 5 | Docket no. 1. |
| 6 | Docket no. 5, entered May 24, 2025 ("Order to Show Cause"). |
| 7 | Motion at Exhibit A. |
| 8 | Motion at 2, ¶ 2. |
| 9 | *Id.* at 2, ¶¶ 3–6. |
| 10 | *Id.* |
| 11 | Dismissal Order at 1. |
| 12 | Judgment at 1. |
| 13 | Motion at 2, ¶ 7. |
| 14 | Fed. R. Civ. P. 4(m). |
| 15 | *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993); Fed. R. Civ. P. 4(m); DUCivR 41-2. |
| 16 | Fed. R. Civ. P. 60(b); *see also* Motion at 1 (noting that Plaintiff has only cited "excusable neglect" and not "mistake" or "inadvertence" for the delay.) |

17    *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (emphasis in original) (quoting *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir.1985)); *see also Putnam v. Morris,* 833 F.2d at 905.

18    *Id.*

19    *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (quotations and citation omitted).

20    *Id.* at 701 (quotations and citation omitted).

21    *Pioneer Inv. Servs.*, 507 U.S. at 393.

22    *Utah Republican Party*, 678 F. App'x at 701 (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n,* 771 F.3d 1230, 1240 (10th Cir. 2014)).

23    *In re Kirkland*, 86 F.3d at 174.

24    *Id.*

25    Motion at 3.

26    *In re Kirkland*, 86 F.3d at 395.

27    *Id.*

28    *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (quoting *City of Chanute v. Williams Natural Gas Co.,* 31 F.3d 1041, 1046 (10th Cir.1994)).

29    *Putnam v. Morris*, 833 F.2d at 905.

30    *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017).

31    Motion at 4, ¶ 7.

32    *Id.* at 1, ¶ 1.

33    *Id.* at 4, ¶ 7.

34    *Id.* at Exhibit A.

35    *Id.*

36    *See generally* docket no. 5, Docket Text Order; *see also* Fed. R. Civ. P. 4(m).

37    *Putnam v. Morris*, 833 F.2d at 905 (citing *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir.1985)).

38    *Pioneer Inv. Servs.*, 507 U.S. at 393.

39    *Id.*

40    11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2864, p. 359 (citing *Ackermann v. United States,* 340 U.S. 193, 198, 71 S.Ct. 209, 211–12, 95 L.Ed. 207 (1950)).

41    *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025).

42    Motion at 4, ¶ 7.

43    Motion at 4.

44    *Cox v. Sandia Corp.,* 941 F.2d 1124, 1126 (10th Cir.1991).

45    Docket no. 11.

---

**End of Document**                    © 2026 Thomson Reuters. No claim to original U.S. Government Works.