Jason W. Hardin (8793)
Jeffery B. Setness (20026)
Stephen P. Horvat (6249)
J. Mason Kjar (14227)
Trevor J. Adkins (18297)
FABIAN VANCOTT
95 South State Street, Ste. 2300
Salt Lake City, Utah 84111
Telephone: (801) 531-8900
jhardin@fabianvancott.com
jsetness@fabianvancott.com
shorvat@fabianvancott.com
mkjar@fabianvancott.com
tadkins@fabianvancott.com

Bradley R. Blackham (8703)
Andrew R. Hopkins (13748)
Assistant Utah Attorneys General
Derek E. Brown (10476)
Utah Attorney General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 366-0100
bblackham@agutah.gov
arhopkins@agutah.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| RUDY LARSEN, an individual; JENA LARSEN, an individual; RUBICON CONTRACTING, LLC, a Utah limited liability company; SCANDIA COMPANY, LLC, a Utah limited liability company; and SMART RAIN SYSTEMS, LLC, a Utah limited liability company,,<br><br>     Plaintiffs,<br><br>v.<br><br>SEAN D. REYES, an individual; LEO LUCEY, an individual; MICHAEL ADAM JETER, an individual; and KAYTLIN VIRGINIA BECKETT, an individual,<br><br>     Defendants. | **MOTION FOR CONSIDERATION OF SUPPLEMENTAL REPLY**<br>**(Supporting Motion to Dismiss)**<br><br><br><br>Case No. 2:25-CV-00963-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

Pursuant to Local Rule 7-1(a)(9), Defendants hereby request that the Court consider the attached Supplemental Reply Memorandum supporting their Motion to Dismiss, which addresses events that have occurred after the Defendants filed their original Reply.  The proposed Supplemental Reply is attached as Exhibit A hereto.

### BACKGROUND

1.    Defendants filed their Motion to Dismiss on February 11, 2026.  (Dkt. 37.)

2.    Defendants filed their Reply Supporting Motion to Dismiss on March 17.  (Dkt. 50.)

3.    In Section VI(C) of the Argument in their Motion, and in Section VI(B) of their Reply, Defendants argue that Plaintiffs' claim for malicious prosecution fails as a matter of law because the state prosecution did not terminate in the Plaintiffs' favor.  (Dkt. 37 at 27-29; Dkt. 50 at 27-29.)

4.    At approximately 4:46 p.m. on Saturday, April 11, Plaintiffs filed a Notice of Supplemental Authority that attached a (redacted) copy of an April 8 email from a representative of the US Department of Justice to one of the Larsens' attorneys that appears to suggest that the federal government had closed its investigation of Plaintiffs and declined prosecution.  (Dkt. 56; April 8 email attached hereto as Exhibit B.)

5.    *Twelve minutes later*, at 4:58 p.m. on April 11, Plaintiffs' counsel David Tufts emailed Defendants' counsel to accuse Defendants' counsel of being in violation of Rule 11 as a result of the just-revealed declination.  (Tufts Email, attached hereto as Exhibit C.)  Mr. Tufts demanded that Defendants "withdraw these flawed contentions … as soon as possible, but no later than Wednesday, April 15, 2026":[1]

---

[1] Plaintiffs' counsel did not give any reason why Defendants were required to effect this "withdrawal" within just three business days.  Local Rule 7-1(c)(2), in contrast, expressly allows

Jason,

I write to make you and your team aware that DOJ has given a declination letter confirming that the purported federal investigation is closed. Copy attached. As such, the arguments and factual assertions in your Motion to Dismiss (ECF 37) and Reply Supporting Motion to Dismiss (ECF 50) that the criminal matter is not favorably terminated are (i) not presented for a proper purpose (see Fed. R. Evid. 11(b)(1)), (ii) not warranted by existing law, or a nonfrivolous argument for extending, modifying or reversing existing law (*id*. 11(b)(2)), (iii) lacking in evidentiary support (*id*. 11(b)(3)), and (iv) not warranted on the evidence (*id*. 11(b)(4)).

We are giving you and your team this notice so you may have an opportunity to withdraw these flawed contentions. Please do so as soon as possible, but no later than Wednesday, April 15, 2026.

Thanks,

David W. Tufts
Chair, Commercial Litigation Practice Group

(*Id*.)

6.    In light of Plaintiffs' invitation to "withdraw" certain contentions, Defendants have prepared a Supplemental Reply, which asks the Court to disregard certain portions of the Motion and Reply in light of the alleged declination letter. (*See* Ex. A.)

## ARGUMENT

Defendants respectfully submit that good cause exists for the Court to consider the Supplemental Reply. While Defendants' Motion and Reply accurately reflected the facts that existed when they were filed, they (obviously) did not and could not reflect facts that occurred only recently, after their filing. And, because, as shown in the Supplemental Reply, Defendants have decided to no longer seek dismissal of Plaintiffs' malicious prosecution claim under Rule 12(b)(6) based on a failure to allege favorable termination, allowing this Supplemental Reply will promote judicial efficiency.

## CONCLUSION

Defendants therefore respectfully request that the Court consider their Supplemental Reply attached as Exhibit A hereto.

_____

a party seven days to respond to a Notice of Supplemental Authority.

DATED this 16th day of April, 2026.

**FABIAN VANCOTT**

*/s/ Stephen P. Horvat*
Jason W. Hardin
Jeffery B. Setness
Stephen P. Horvat
J. Mason Kjar
Trevor J. Adkins

*Attorneys for Defendants*
