Jason W. Hardin (8793)
Jeffery B. Setness (20026)
Stephen P. Horvat (6249)
J. Mason Kjar (14227)
Trevor J. Adkins (18297)
FABIAN VANCOTT
95 South State Street, Ste. 2300
Salt Lake City, Utah 84111
Telephone: (801) 531-8900
jhardin@fabianvancott.com
jsetness@fabianvancott.com
shorvat@fabianvancott.com
mkjar@fabianvancott.com
tadkins@fabianvancott.com

Bradley R. Blackham (8703)
Andrew R. Hopkins (13748)
Assistant Utah Attorneys General
Derek E. Brown (10476)
Utah Attorney General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 366-0100
bblackham@agutah.gov
arhopkins@agutah.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| RUDY LARSEN, an individual; JENA LARSEN, an individual; RUBICON CONTRACTING, LLC, a Utah limited liability company; SCANDIA COMPANY, LLC, a Utah limited liability company; and SMART RAIN SYSTEMS, LLC, a Utah limited liability company,, <br><br> Plaintiffs, <br><br> v. <br><br> SEAN D. REYES, an individual; LEO LUCEY, an individual; MICHAEL ADAM JETER, an individual; and KAYTLIN VIRGINIA BECKETT, an individual, <br><br> Defendants. | **OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** <br><br><br> Case No. 2:25-CV-00963-HCN-JCB <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Jared C. Bennett |

Defendants oppose Plaintiffs' Request for Judicial Notice (Dkt. 56) on the ground that Plaintiffs have refused to provide an unredacted copy of the document for Defendants to review, the purported substantive facts are not established beyond doubt, and the issue is not ripe.

## BACKGROUND

1.      Plaintiffs filed their Request for Judicial Notice, seeking notice of a supposed "declination letter," on April 11.  (Dkt. 56.)

2.      The "letter" of which they seek notice appears to be an email from William Nolan, an attorney at the Department of Justice, addressing a "Kaytlin Beckett matter."  (Ex. 1 to Dkt. 56.)

3.      Plaintiffs did not, however, provide the complete document.  Instead, the second paragraph of the email was heavily redacted:

Please note, however, that the government will be unable to return two items: (1) A black Toshiba external hard drive belonging to A███ P███; and (2) A███ P███'s personal cell phone, a black iphone.  As to those two items, forensic analysis has indicated the ██████ ██████ consistent with ██████████.

(Ex. 1 to Dkt. 56.)

4.      On April 15, Defendants' counsel Horvat asked Plaintiffs' counsel to provide an unredacted copy of the email so Defendants could evaluate the request for judicial notice.  (Email Exchange, Ex. A hereto, at 1-2.)

5.      Horvat further assured Plaintiffs' counsel that "if the redaction was for a recognized privacy reason, we will of course keep the unredacted document private pursuant to the Standard Protective Order."  (*Id.* at 2.)

6.      On April 21, Plaintiffs' counsel "declined to provide you with an unredacted copy."  (*Id.* at 1.)

7.      Plaintiffs' counsel did not explain generally what was redacted or the legal basis for submitting a redacted document to the Court.

## ARGUMENT

It is improper for Plaintiffs to ask the Court to consider, as evidence, a document that has not been produced to the other side.  At the very least, Plaintiffs should be required to explain generally what was redacted and what the legal basis for the redaction was.  While formal discovery has not yet begun, Defendants submit that the principles of Rule 26 should apply here, including the requirement that where a party withholds production on the ground of a privilege, the party must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A).

Defendants also oppose any request that the Court take judicial notice of the "fact that the Department of Justice has closed the matter [etc.]."  That proposition is clearly not "generally known within the trial court's territorial jurisdiction," nor can it be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  While the language of the redacted document does include words to that effect, the subject line of the email states that it is addressing a "Kaytlin Beckett matter."  Further, we have reason to believe that some kind of agreement was reached between the government and some or all of the Plaintiffs that involves, at a minimum, the return of some portions of seized property in exchange for dropping a request for sanctions in another matter against everyone but Ms. Beckett.  (*See* Notice of Partial Withdrawal of Motion, *Larsen et al v. USA*, Case 2:25-mc-00068, Dkt. 35, filed April 22, 2026.)  It would be wrong to treat the proposed "fact" as "conclusive" in this Section

1983 action without the Defendants being allowed to conduct discovery or otherwise investigate the complete story behind the email.

Finally, the request is not ripe.  Plaintiffs are requesting notice in connection with their response to an argument Defendants made in their Motion to Dismiss (Dkt. 37).  As explained in our Supplemental Reply (Dkt. 58-1), Defendants are no longer pursuing that argument as part of their dismissal motion.  So there is no reason at this point in the proceedings to determine whether any facts have been "conclusively" established.

## CONCLUSION

Defendants therefore ask the Court to deny Plaintiffs' Request for Judicial Notice.

DATED this 22nd day of April, 2026.

**FABIAN VANCOTT**

*/s/ Stephen P. Horvat*
Jason W. Hardin
Jeffery B. Setness
Stephen P. Horvat
J. Mason Kjar
Trevor J. Adkins

*Attorneys for Defendants*