Jason W. Hardin (8793)
Jeffery B. Setness (20026)
Stephen P. Horvat (6249)
J. Mason Kjar (14227)
Trevor J. Adkins (18297)
FABIAN VANCOTT
95 South State Street, Ste. 2300
Salt Lake City, Utah 84111
Telephone: (801) 531-8900
jhardin@fabianvancott.com
jsetness@fabianvancott.com
shorvat@fabianvancott.com
mkjar@fabianvancott.com
tadkins@fabianvancott.com

Bradley R. Blackham (8703)
Andrew R. Hopkins (13748)
Assistant Utah Attorneys General
Derek E. Brown (10476)
Utah Attorney General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 366-0100
bblackham@agutah.gov
arhopkins@agutah.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| RUDY LARSEN, an individual; JENA LARSEN, an individual; RUBICON CONTRACTING, LLC, a Utah limited liability company; SCANDIA COMPANY, LLC, a Utah limited liability company; and SMART RAIN SYSTEMS, LLC, a Utah limited liability company,, <br><br> Plaintiffs, <br><br> v. <br><br> SEAN D. REYES, an individual; LEO LUCEY, an individual; MICHAEL ADAM JETER, an individual; and KAYTLIN VIRGINIA BECKETT, an individual, <br><br> Defendants. | **RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY/ ERRATA NOTICE** <br><br><br> Case No. 2:25-CV-00963-HCN-JCB <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Jared C. Bennett |

Pursuant to Local Rule 7-1(c)(2) and this Court's order of April 17 (Dkt. 61), Defendants

submit this response to Plaintiff's Errata Notice / Notice of Supplemental Authority (Dkt. 43).

The three new cases do not even remotely support Plaintiffs' claims. Those cases deal with _municipal_ or _official_ liability.[1] To hold a municipality liable under § 1983, a plaintiff must show the harm to have resulted from a "policy or custom." _Bryson v. City of Oklahoma City_, 627 F.3d 784, 788 (10th Cir. 2010). As _Bryson_ explains, there are at least five ways to establish the existence of a "municipal policy or custom," one of which is "the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom the authority was delegated subject to these policymakers' review and approval." _Id._ (cleaned up); _see also Young v. Bd. of Supervisors of Humphreys County_, 927 F.3d 898, 904-05 (5th Cir. 2019) ("If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final."); _Larez v. City of Los Angeles_, 946 F.2d 630, 646 (9th Cir. 1991) ("Also, evidence that Chief Gates, an authorized policymaker on police matters … ratified a decision that deprived plaintiffs of their constitutional rights would suffice for official liability under _Pembaur_.").

Neither _Bryson_ nor _Young_ dealt with supervisory liability. _Larez_ does contain a two-paragraph passage addressing supervisory liability, but the court's holding on that issue is no longer good law. Relying on a 1988 case from the Tenth Circuit, _Larez_ suggests that a supervisor may be liable for his "acquiescence" in a constitutional deprivation. _Larez_ at 646 (quoting _Meade v. Grubbs_, 841 F.2d 1512, 1528 (10th Cir. 1988)). In _Iqbal_, however, the Supreme Court squarely rejected supervisory liability based on acquiescence:

> [R]espondent believes a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution. **We reject this argument**. Respondent's conception of "supervisory liability" is inconsistent with his accurate stipulation that petitioners may not be held accountable for the

[1] A claim against a municipal defendant in an official capacity is essentially a claim against the municipality. _M.C. v. Shawnee Sch. Dist._, 363 F.Supp.3d 1182, 1205 (D. Kan. 2019). Defendants, as state employees, cannot be sued under § 1983 in their official capacities. _E.g._, _Will v. Michigan_, 491 U.S. 58, 70-71 (1989).

misdeeds of their agents. In a § 1983 suit or a *Bivens* action—where masters do not answer for the torts of their servants—the term "supervisory liability" is a misnomer. Absent vicarious liability, ***each Government official, his or her title notwithstanding, is only liable for his or her own misconduct***. In the context of determining whether there is a violation of a clearly established right to overcome qualified immunity, purpose rather than knowledge is required to impose *Bivens* liability on the subordinate for unconstitutional discrimination; the same holds true for an official charged with violations arising from his or her superintendent responsibilities.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (emphasis added).[2]

Accordingly, the District of Kansas has explained that after *Iqbal*, neither ratification nor acquiescence is a basis for § 1983 liability. *M.C. v. Shawnee Sch. Dist.*, 363 F.Supp.3d 1182, 1205 (D. Kan. 2019) ("ratification standing alone is insufficient to state a claim for supervisory liability").

Further, even where ratification can properly be pursued against a municipality, the acts constituting "ratification" must take place *before the constitutional violations occur*. *Cordova v. Aragon*, 569 F.3d 1183, 1194 (10th Cir. 2009) ("[B]asic princip[le]s of linear time prevent us from seeing how conduct that occurs *after* the alleged violation could have somehow caused that violation.").[3]

In short, there is no authority for the proposition that any Defendant may be liable for "ratifying" or "acquiescing in" alleged constitutional violations committed by others. The three newly cited cases are no more persuasive than Plaintiff's originally-cited (and non-existent) case.

---

[2] *See also Rodgers v. Torrez*, Case 24-2046, 2025 WL 19045452, *3 (10th Cir. July 10, 2025) (recognizing that *Iqbal* abrogated *Meade*).
[3] *See also Estate of Burnett v. City of Colorado Springs*, 616 F. Supp. 3d 1111, 1130 (D. Colo. 2022); *Bentz v. City of Marion KS*, 776 F. Supp. 3d 951, 985-86 (D. Kan. 2025); *Jordan v. Unified Gov't of Wyandotte County*, 100 F. Supp. 3d 1111, 1119-20 (D. Kan. 2015).

DATED this 24th day of April, 2026.

FABIAN VANCOTT

*/s/ Stephen P. Horvat*
Jason W. Hardin
Jeffery B. Setness
Stephen P. Horvat
J. Mason Kjar
Trevor J. Adkins

*Attorneys for Defendants*