David W. Tufts (#8736)
Lyndon R. Bradshaw (#15097)
DENTONS DURHAM JONES PINEGAR P.C.
111 S. Main Street, Suite 2400
Salt Lake City, UT 84111
(801) 415-3000
david.tufts@dentons.com
lyndon.bradshaw@dentons.com

Stephen R. McAllister (*pro hac vice*)
DENTONS U.S. LLP
4520 Main Street, Suite 1100
Kansas City, MO 64111-7700
(816) 460-2400
stephen.mcallister@dentons.com

*Attorneys for Plaintiffs Rudy Larsen, Jena Larsen, Rubicon Contracting, LLC, Scandia Company, LLC, and Smart Rain Systems, LLC*

Keith M. Woodwell (#7353)
Jake Taylor (#10840)
Katherine E. Pepin (#16925)
Vicki B. Zgodny (#19753)
CLYDE SNOW & SESSIONS
201 South Main Street, #2200
Salt Lake City, UT  84111
(801) 322-2516
kmw@clydesnow.com
jst@clydesnow.com
kep@clydesnow.com
vbz@clydesnow.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUDY LARSEN, an individual; JENA LARSEN, an individual; RUBICON CONTRACTING, LLC, a Utah limited liability company; SCANDIA COMPANY, LLC, a Utah limited liability company; and SMART RAIN SYSTEMS, LLC, a Utah limited liability company,<br><br>    Plaintiffs,<br><br>vs.<br><br>SEAN D. REYES, an individual; LEO LUCEY, an individual; MICHAEL ADAM JETER, an individual; and KAYTLIN VIRGINIA BECKETT, an individual,<br><br>    Defendants. | **REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Case No. 2:25-cv-00963<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

Plaintiffs, through their undersigned counsel, pursuant to Rules 201 and 902(1) of the Federal Rules of Evidence, hereby submit this reply in support of their Request for Judicial Notice (Dkt. 56; the "Request"), responding to the arguments raised in Defendants' Opposition to Plaintiffs' Request for Judicial Notice (Dkt. 62; the "Opposition").

The Opposition confirms what the record already shows: the federal government's investigation of the Rubicon matter is closed, and prosecution has been declined. Defendants do not deny the authenticity of the Declination Letter. They do not deny that it was sent by William E. Nolan, Deputy Chief of the U.S. Department of Justice's Human Rights and Special Prosecutions Section. They do not deny that the U.S. Attorney's Office for the District of Utah has likewise declined prosecution. Defendants do not deny these facts, because they cannot. Defendants already expressly relied on the fact that federal prosecution has been declined by withdrawing their argument against "favorable termination" as grounds for dismissing the malicious prosecution claim in the Complaint. (*See*, Motion for Consideration of Supplemental Reply, Dkt. 58 at pg. 3, "Defendants have decided to no longer seek dismissal of Plaintiffs' malicious prosecution claim under Rule 12(b)(6) based on a failure to allege favorable termination . . .".)

Instead of addressing the merits, Defendants raise three technical arguments to try to oppose the Request.  Defendants argue that: (1) "Plaintiffs have refused to provide an unredacted copy of the document"; (2) "the purported substantive facts are not established beyond doubt"; and (3) "the issue is not ripe". (Dkt. 62 at pg. 2.) These arguments fail. The Court should take judicial notice because Plaintiffs have satisfied every element of Federal Rule of Evidence 201.

## **ARGUMENT**

### I.   **The Redaction Objection is a Red Herring.**

Plaintiffs are not seeking judicial notice of the redacted material. This is precisely what Plaintiffs represented to Defendants: "Plaintiffs are not seeking judicial notice of any of the redacted portions of the document. Also, those portions are not relevant to this case." (Dkt. 62, Ex. A at pg. 1.) Plaintiffs are asking this Court to take judicial notice of the following facts: (1) the federal investigation of Rubicon is closed; and (2) prosecution has been declined by the Department of Justice and the U.S. Attorney's Office for the District of Utah. The first paragraph of Deputy Chief Nolan's email is unredacted and clearly establishes these facts. The redacted text in the second paragraph concerns specific items of personal property belonging to a non-party (named "A.P.") and forensic findings about those items. The return or non-return of this personal property of a non-party is wholly unrelated to the closure of the federal investigation and declination.

Defendants' invocation of Federal Rule of Civil Procedure 26(b)(5)(A) is misplaced. That Rule governs privilege withholdings in formal discovery, which—as Defendants concede—has not begun. (Dkt. 62 at pg. 3.) This is not a privilege dispute. The redactions protect a non-party's privacy interests in unrelated forensic information and have no bearing on the facts judicially noticed. Defendants' demand for the redacted material is not a valid Rule 201 objection.

### II.   **The Closure of the Federal Investigation and Declination of Prosecution are not Subject to Reasonable Dispute.**

Federal Rule of Evidence 201 sets a low bar that Plaintiffs have easily cleared. A court "may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Notice must be taken when "a party requests it and the

court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Notice may be taken

"at any stage of the proceeding." Fed. R. Evid. 201(d).

The Declination Letter is an official email from the relevant section of the Department of

Justice, bearing the seal of the United States Department of Justice and electronically signed by

the Deputy Chief of DOJ's Human Rights and Special Prosecutions Section. (Dkt. 56, Ex. 1.) It

is therefore self-authenticating under Fed R. of Evid. 902(1), which requires no extrinsic

evidence of authenticity for a domestic public document bearing a United States seal and a

signature purporting to execute or attest it.

Defendants do not contend otherwise. Indeed, Defendants articulate no actual dispute.

They do not suggest that Deputy Chief Nolan did not send the email. They do not suggest its

substance is inaccurate. They do not suggest the federal investigation remains open. Instead, they

speculate about an unspecified "agreement" and ask for discovery. (Dkt. 62 at pg. 3.) Speculation

is not a "reasonable dispute" under Rule 201, and Defendants' request to defer notice pending

discovery would invert the Rule, which authorizes notice "at any stage of the proceeding." Fed.

R. Evid. 201(d).[1]

### III.   The Court Should Take Judicial Notice of the Closure of the Federal Investigation at the Rule 12(b)(6) Stage.

Defendants' "not ripe" objection collapses on its own logic. Defendants withdrew their

arguments against "favorable termination" in their Motion to Dismiss because of the very

Declination Letter they now ask the Court to disregard. In their Supplemental Reply

Memorandum Supporting Motion to Dismiss, Defendants' stated:

> "On April 11, the Plaintiffs presented a redacted document (dated
> April 8) suggesting that the federal government may have closed
> the federal investigation of Plaintiffs and declined to prosecute. …

---

[1] Notably, Defendants themselves invoked judicial notice in support of their Motion to Dismiss, asking this Court to take notice of state court records. (Dkt. 37 at note 18.)

> Based on this, Defendants have decided to no longer seek dismissal of Plaintiffs' malicious prosecution claim under Rule 12(b)(6) based on a failure to allege favorable termination." (Dkt. 58, Ex. A at ¶¶ 5–6.)

Defendants' acknowledgment in their Supplemental Reply is itself proof that the noticed fact is not subject to reasonable dispute.

Defendants' further suggestion that judicial notice is unnecessary because they have withdrawn the argument is also wrong. Defendants withdrew the argument from dismissal while expressly "reserv[ing] all rights … to contest the favorable termination element … in future proceedings, including but not limited to summary judgment proceedings." (Dkt. 58, Ex. A at ¶ 9.) The noticed facts will remain directly relevant to: (1) the Court's understanding of the procedural posture of the Motion to Dismiss; (2) the Court's overall assessment of the Complaint under Rule 12(b)(6); and (3) the inevitable summary-judgment dispute that Defendants have already foreshadowed. Establishing these foundational, uncontested facts now, from a self-authenticating government document, will conserve judicial and party resources. Fed. R. of Evid. 201(d) expressly authorizes notice "at any stage," and there is no legal or factual basis to defer notice of an uncontested public fact until some later, undefined point.

### CONCLUSION

Accordingly, Plaintiffs renew their request that the Court take judicial notice of the facts that (1) the federal investigation of Rubicon is closed, and (2) prosecution has been declined by the Department of Justice and the U.S. Attorney's Office for the District of Utah.

DATED:        April 29, 2026.                    */s/ David W. Tufts*
                                                 DENTONS DURHAM JONES PINEGAR P.C.
                                                 David W. Tufts
                                                 Lyndon R. Bradshaw

                                                 DENTONS U.S. LLP
                                                 Stephen R. McAllister

5

CLYDE SNOW & SESSIONS
Keith M. Woodwell
Jake Taylor
Katherine E. Pepin
Vicki B. Zgodny

*Attorneys for Plaintiffs Rudy Larsen, Jena Larsen, Rubicon Contracting, LLC, Scandia Company, LLC, and Smart Rain Systems, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2026, I filed the foregoing with the Clerk of Court using the Court's CM/ECF filing system and was sent by electronic notification of the filing to counsel of record in this matter.

/s/ Kristin Hughes