# EXHIBIT 17

| | |
|---|---|
| **From:** | Steve Horvat |
| **To:** | Keith M. Woodwell; Jason W. Hardin; Jeffrey Setness; Trevor Adkins; Andrew Hopkins; Mason Kjar; Bradley Blackham |
| **Cc:** | Tufts, David W.; Jake Taylor; Katherine E. Pepin; Bradshaw, Lyndon |
| **Subject:** | RE: Rubicon Case - Request for Rule 26(f) Conference |
| **Date:** | Monday, August 3, 2026 7:00:44 AM |

Keith:

Unfortunately, your email caught us at an awkward time, schedule-wise, so we haven't been able to coordinate on a response.  I should be able to respond to the substance of your proposal by the end of the week.

## Steve Horvat

# FABIAN VANCOTT

Phone: 801.323.2257

**From:** Keith M. Woodwell <kmw@clydesnow.com>
**Sent:** Thursday, July 23, 2026 9:59 AM
**To:** Steve Horvat <shorvat@fabianvancott.com>; Jason W. Hardin <jhardin@fabianvancott.com>; Jeffrey Setness <jsetness@fabianvancott.com>; Trevor Adkins <tadkins@fabianvancott.com>; Andrew Hopkins <arhopkins@agutah.gov>; Mason Kjar <mkjar@fabianvancott.com>; Bradley Blackham <bblackham@agutah.gov>
**Cc:** Tufts, David W. <david.tufts@dentons.com>; Jake Taylor <JST@clydesnow.com>; Katherine E. Pepin <KEP@clydesnow.com>; Bradshaw, Lyndon <lyndon.bradshaw@dentons.com>
**Subject:** Rubicon Case - Request for Rule 26(f) Conference

Steve,

We would like to hold a Rule 26(f) conference to discuss discovery in this case. We are well past the time frame laid out in Rule 26(f) and Rule 16(b) for an attorney planning meeting report and a scheduling order. We acknowledge Defendants' pending Motion to Dismiss, which raises jurisdictional issues that would typically justify good cause to delay discovery; however, this must be weighed against the irreparable loss of crucial witness testimony that would occur if witnesses who are present in the United States on temporary status are compelled to leave the country prior to a ruling on the Motion to Dismiss.

Several of the H-2B visa workers who were designated by the AGO as victims in the underlying criminal case now hold Continued Presence status in the United States, a temporary deferred-action status, rather than a visa. While Plaintiffs do not know the current immigration status of many of the designated "victims" from the underlying

criminal case, Plaintiffs are aware that the legal status of several of Rubicon's former H-2B visa workers is set to expire in the next few months. There is a real risk that the legal status of many of these key witnesses in the case will expire before the Motion to Dismiss is decided, compelling those witnesses to leave the country and making them unavailable for a future deposition.

Plaintiffs would be willing to stipulate to a stay of discovery from the parties until after the Motion to Dismiss is decided, but Plaintiffs need to move forward with expedited depositions of these non-party witnesses to preserve their testimony. Plaintiffs are also willing to consider reasonable limitations on these expedited depositions of the former H-2B visa workers. These limitations could include:

- limiting the number of witnesses to be deposed, rather than the full 93-person roster of H-2B visa workers that the AGO designated as victims in the underlying criminal case;
- limiting the time and scope of the depositions;
- limiting the burden on the defendants by stipulating that defendants would not be required to produce any documents or information in advance of the depositions;
- stipulating that the depositions are conducted without any prejudice to the immunity defense that is pending before the court and that the testimony would not be used in any proceedings related to the pending Motion to Dismiss;
- sealing the deposition transcripts pending resolution of the Motion to Dismiss; and
- protecting the witnesses by providing qualified interpreters, limiting questioning to the noticed scope, and stipulating that questioning will not touch any witness's immigration status except as necessary to establish availability, consistent with the federal guidance that such status is not to be used as leverage.

Please let us know when your team would be available for a Rule 26(f) conference. Thank you.

Keith

Keith M. Woodwell
Director and Shareholder
Co-Chair White-Collar and Regulatory Practice Group



ATTORNEYS AT LAW
Direct/Text: 801-433-2430

201 South Main Street, Suite 2200 SLC, UT 84111
Email: KMW@clydesnow.com


CAUTION: This email originated from outside the Fabian VanCott organization. Do not click on links or open attachments unless you recognize the sender and know the content is safe.