# EXHIBIT 20

TRINA A. HIGGINS, United States Attorney (7349)
JOEL A. FERRE, Assistant United States Attorney (7517)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
joel.ferre@usdoj.gov

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* REGINALD WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>ROBYN WILLIAMS and THE STATE OF UTAH, *et al.,*<br><br>Defendants. | **UNITED STATES' UNOPPOSED MOTION FOR DISBURSEMENT OF MONEY FROM THE COURT REGISTRY**<br><br>Case No. 2:15-cv-00054-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br>Chief Magistrate Judge Dustin B. Pead |

Pursuant to Fed. R. Civ. P. 67 and 28 U.S.C. § 2042, Plaintiff United States respectfully requests that the court order the Clerk of Court to disburse $1,550,000.00 ("Deposited Funds"), plus any accrued interest from the Court Registry Investment System to the United States. After it receives the Deposited Funds, the United States will disburse $279,000 to Relator as previously ordered by the court.[1] Counsel for Relators and Defendants do not oppose this motion. The United States submits the following in support of this motion:

---

[1] Dkt. 197.

1.      The United States and Defendants settled this case which required Defendants to pay the Deposited Funds to the United States under a settlement agreement.[2]

2.      Other parties claimed entitlement to a portion of the Deposited Funds and there was a dispute concerning the validity of their claims and the amounts owed.[3]

3.      Defendants took no position on each party's entitlement to the Deposited Funds and requested the court take possession of the Deposited Funds under Rule 67 until the claims were resolved.[4]

4.      The court granted the Defendants Motion and ordered Defendants to deposit the Deposited Funds with the court.[5]

5.      Defendants deposited the Deposited Funds with the Court Clerk and those funds have been in the Court Registry Investment System since then.

6.      The other parties resolved the disputes between them. Relator filed a notice of voluntary dismissal of his complaint with prejudice.[6] The Schmidt Firm filed notice of dismissal

---

[2] Dkt. 191, *Motion to Deposit Funds* at 2; *see also* Dkt. 191-1, Settlement Agreement at 3.

[3] Dkt. 182, *Relator's Motion to Determine Relator's Share of Settlement Proceeds*; Dkt. 183, *United States' Opposition to Relator's Motion to Determine Relator's Share of Settlement*; Dkt. 74, *Notice of Lien*; Dkt. 184, *Notice of Lien*; Dkt. 188, *Status Report of Lienholder William L. Schmidt Attorney at Law P.C.*; Dkt. 190, *Status Report of Relator*; Dkt. 192, *Response of Lienholder William L. Schmidt to Relator Reginald Williams' Status Report to Court*; Dkt. 193, *Relator's Response to Status Reports*.

[4] Dkt. 191, *Motion to Deposit Funds* at 4

[5] Dkt. 195, *Order Granting Defendant's Motion to Deposit Settlement Funds* at 2.

[6] Dkt. 212, *Notice of Voluntary Dismissal of Relator(s) Complaint(s)* at 2. Dkt. 213, *Notice of Dismissal of Complaint in Intervention* at 2.

of its Complaint in Intervention.[7] The court acknowledged The Schmidt Firm's Notice and ordered its Complaint in Intervention dismissed without prejudice.[8]

7.    This case was already closed on August 8, 2022.[9]

8.    Accordingly, the United States requests that the Court order the Clerk of Court to disburse from the Court Registry the Deposited Funds plus any interest accrued. The Deposited Funds should be disbursed by electronic funds transfer to the Federal Reserve/United States Treasury Department for credit to the United States Department of Justice.

### CONCLUSION

For the foregoing reasons, the United States requests that the Court issue an order to disburse from the Court Registry the Deposited Funds plus interest to the United States.

Dated this 22 day of February, 2024.

TRINA A. HIGGINS
United States Attorney


*/s/ Joel A. Ferre*
JOEL A. FERRE
Assistant United States Attorney

---

[7] Dkt. 213, *Notice of Dismissal of Complaint in Intervention* at 2.

[8] Dkt. 213, *Order Acknowledging Voluntary Dismissal of Complaint in Intervention*.

[9] Dkt. 174.