# EXHIBIT 5

**The Order of the Court is stated below:**
**Dated:** February 24, 2025 04:36:21 PM **/s/** RITA M. CORNISH District Court Judge

CRAIG L. BARLOW (213)
KAYTLIN BECKETT (16257)
CHÉ ARGUELLO (12412)
Assistant Attorneys General
DEREK E. BROWN (10476)
Utah Attorney General
5272 South College Drive, Suite 200
Murray, Utah 84123
Telephone: (801) 281-1200
Email: crbarlow@agutah.gov
chearguello@agutah.gov
kbeckett@agutah.gov
Attorneys for the State of Utah

**IN THE SECOND JUDICIAL DISTRICT COURT**
**IN AND FOR DAVIS COUNTY, STATE OF UTAH**

| | |
|---|---|
| **STATE OF UTAH**<br><br>Plaintiff,<br>v.<br><br>**RUDY LARS LARSEN**<br>**JENA MARIE LARSEN**<br>**BRANDON JOSEPH FLOYD**<br>**TYLER BRINKMAN**<br>**CLAYTON PHILLIPPS**<br>**ADAM PEREA**<br>**KIRK SIMMONS**<br><br>Defendants. | **ORDER DISMISSING WITHOUT PREJUDICE PENDING FEDERAL INVESTIGATION**<br><br>**[As modified by the Court.]**<br><br>Consolidated Case No. 231702289<br><br>Judge: RITA CORNISH |

~~This Court, having considered the State's Motion to Dismiss this matter on good cause, hereby ORDERS as follows:~~

Before the Court is the State's Motion to Dismiss Pending Federal Investigation (Dkt. 595) (the "Motion"). The Court has also reviewed Defendants Larsens' Opposition to Motion to Dismiss Without Prejudice (Dkt. 599) and the Response to Motion to Dismiss (Dkt. 604).

The Larsens have argued that the State's Motion is a thinly veiled attempt at forum shopping because it was filed when the Court had taken under advisement the decision on the preliminary hearing. Larsens argue that the State seeks to avoid an adverse ruling by seeking dismissal without prejudice and that the State's prosecution in this case has been characterized by pervasive misconduct. And, as a result, the Larsens assert that the State has failed to present reasonable grounds to warrant dismissal. However, the Larsens do not request that the Court deny the Motion but, instead, request that the Court dismiss the case *with prejudice* based on the preliminary hearing and the State's misconduct.

Alternatively, Defendants Floyd, Perea, Simmons and Phillipps have argued that the State's failure to present sufficient evidence to bind each of the Defendants over on the charges, despite having been given every opportunity to do so, should result in a dismissal with prejudice instead of without. As grounds, these Defendants assert that fundamental fairness guaranteed by the United States Constitution would support such a dismissal.

The State counters that it is acting in good faith by seeking dismissal because the State has been unable to obtain necessary evidence and witnesses for the preliminary hearing from certain federal agencies. In addition, the State has asserted that Defendants may have violated federal law in the course of committing the alleged crimes, which can both be prosecuted in the federal courts. Though the State never expressly states that it failed to carry its burden at the

preliminary hearing, it suggests that it failed to present evidence from a variety of sources that would have otherwise been available to it.

Although the Court considers the State's Motion under Rule 25, this is not one of the rare cases where the dismissal should be with prejudice. The Court cannot find that the State is forum shopping. The State would not need to dismiss its case to obtain a new judge; it is on the verge of obtaining a new judge regardless of dismissal due to Judge Cornish's appointment to the Business and Chancery Court. And, the Court agrees that the facts and circumstances giving rise to these charges implicate a number of federal laws and regulations, the violation of which would be better pursued in a federal forum.

Defendants argue that the State has engaged in misconduct throughout these proceedings. While the Court is convinced that these charges were premature, and the State has been disorganized in presenting them, it is not yet convinced that the State has engaged in misconduct, a violation of the rules of professional conduct, or unreasonable delay. Notably, the fact that the State prematurely filed charges before having adequate evidence to support them provides a reasonable ground to dismiss the charges as the State has requested.[1] Indeed, this is a point that all Defendants effectively argued at closing on the preliminary hearing. However, that does not change the fact that the dismissal should be without prejudice. *See* Utah R. Crim. P. 7B(c) ("If the magistrate does not find probable cause to believe the crime charged has been committed or the defendant committed it, the magistrate must dismiss the information and discharge the

[1] This is not a case where the State impermissibly delayed in bringing charges or pursuing them. To the contrary, the problem here is that the State acted prematurely–it should have taken the time to gather sufficient evidence before filing charges against the Defendants.

defendant. . . . ***The dismissal and discharge do not preclude the state from instituting a subsequent prosecution for the same offense***." (emphasis added)).

The Court is sympathetic to the time, effort, and expense Defendants have spent in defending against these charges. Despite those weighty burdens, they do not rise to the level that overcomes the presumption that the case should be dismissed without prejudice. Likewise, if ever the charges are refiled, nothing would preclude Defendants from asserting that they have been subjected to atypical inconvenience caused by the refiling of this dismissed case.

Based on the foregoing, the Court ORDERS:

The above matter is hereby dismissed without prejudice.

***END OF DOCUMENT***

*JUDGE'S SIGNATURE ABOVE*